United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60666
Summary Calendar
_____

TESFAYE DAWIT GEBREMESKEL; DANIEL DAWIT GEBREMESKEL;
SELAMAWIT GEBREMESKEL; SAMIEL DAWIT GEBREMESKEL,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of Decisions of the
Board of Immigration Appeals
No. A71 978 772
No. A71 978 773
No. A71 978 774
No. A71 978 751
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Tesfaye Dawit Gebremeskel, Daniel Dawit Gebremeskel,

Selamawit Gebremeskel, and Samiel Dawit Gebremeskel, who are

Ethiopians of Eritrean descent, petition for review of the

decision of the Board of Immigration Appeals (BIA) affirming the

decision of the Immigration Judge (IJ) denying them asylum,

withholding of deportation, and relief under the Convention

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Against Torture. They contend that the BIA's use of streamlined procedures, affirming the IJ's decision without opinion, deprived them of their right to an administrative appeal and amounted to mass-production appellate review; that the BIA erred by affirming the IJ's decision rejecting their asylum and withholding-of-deportation claims; and that the BIA erred by affirming the IJ's decision rejecting them relief under the Convention Against Torture. We deny the petition for review for the following reasons.

First, the BIA's summary-affirmance procedures "do not deprive this court of a basis for judicial review and . . . do not violate due process." Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003). Second, the Gebremeskels have failed to demonstrate a well-founded fear of persecution on any ground if they were to return to Ethiopia. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Third, the Gebremeskels have failed to demonstrate any likelihood of torture were they to return to Ethiopia. See Efe v. Ashcroft, 293 F.3d 899, 997 (5th Cir. 2002).

PETITION DENIED.